MORIAL, Judge.
On February 11, 1971 Joseph H. Connolly and Alfred M. Barnes, Sr. (Connolly-Barnes) entered into a contract to sell a tract of land to Dorvin-Huddleston Developments, Inc. (Dorvin-Huddleston). Connolly-Barnes thereafter refused to deliver title. On May 3, 1971 Dorvin-Huddleston sued for specific performance and on August 4, 1971 A. K. Roy, Inc. intervened claiming a commission pursuant to a commission contract it entered into with Dor-vin-Huddleston on February 8, 1971. Counsel for Dorvin-Huddleston and inter-venor stipulated in court that if Dorvin-Huddleston were successful in the lawsuit and acquired the land, intervenor would be entitled to its commission at the rate agreed upon.
*254 Dorvin-Huddleston’s suit was dismissed by the district court and the judgment was affirmed by the Court of Appeal. On June 10, 1974, the Supreme Court reversed the judgment of the Court of Appeal and ordered specific performance of the contract dated February 11, 1971. In accordance with that judgment the act of sale was passed September 5, 1974. On October 10, 1974 Dorvin-Huddleston deposited intervenor’s commission into the registry of the court.
The sole issue is the determination of the date from which interest is due on the commission deposited into the registry of the court.
Intervenor contends interest is due from August 4, 1971, the date of judicial demand, through October 10, 1974, the date of the deposit into the registry of the court.
The district court awarded interest from the date of the act of sale to the date of deposit into the registry of the court. We affirm.
The law applicable to this case is found in LSA-R.C.C. Art. 1938 which states:
“All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated.”
The parties in this litigation stipulated as follows:
“It is agreed by and between attorneys for Dorvin-Huddleston, Inc. and A. K. Roy, Inc. that if Dorvin-Huddleston Developments, Inc. is successful in the suit and acquires the land involved in the lawsuit, then, and in that event, it is stipulated by counsel for plaintiff and counsel for A. K. Roy that there be judgment awarding A. K. Roy, Inc. a commission at the rate of one-third of two hundred dollars per acre for the number of acres on which the ultimate purchase price is based. * * * ” (emphasis supplied)
This stipulation has the effect of law between the parties and must be enforced by the court. See Hair v. City of Baton Rouge, 297 So.2d 451 (La.App. 1 Cir. 1974).
The stipulation clearly provides that only if the lawsuit is successful and Dorvin-Huddleston acquires the land will interve-nor be entitled to its commission. Therefore, the debt could only become due at the acquisition. Accordingly, the district court’s award of interest from the date of the act of sale through the date of deposit of the funds into the registry of the court is correct.

Affirmed.